IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

HELLS CANYON PRESERVATION
COUNCIL, an Oregon nonprofit
corporation, and OREGON WILD, an
Oregon nonprofit corporation,

      Plaintiffs,

      v.

DISTRICT RANGER KRIS STEIN, in
her official capacity as District Ranger
of the Eagle Cap Ranger District,
Wallowa-Whitman National Forest,
and UNITED STATES FOREST
SERVICE, an agency of the United
States Department of Agriculture,

      Defendants,

   and

WALLOWA COUNTY, a political
subdivision of the State of Oregon,

Case No. 2:17-cv-00843-SU

**OPINION
AND ORDER**

Proposed Defendant-
Intervenor.
_____

SULLIVAN, United States Magistrate Judge:

Plaintiffs Hells Canyon Preservation Council and Oregon Wild bring this action to challenge the approval of the Lostine Public Safety Project (the "Lostine Project" or "Project") by defendants U.S. Forest Service and District Ranger Kris Stein. Compl. (Docket No. 1). Wallowa County (the "County") moves to intervene. (Docket No. 9). Plaintiffs, subject to certain conditions, do not oppose intervention, and defendants take no position. *Id.*, at 1. For the following reasons, the Court GRANTS the County's Motion to Intervene.

## BACKGROUND

The Lostine Project is a forest management project in the Wallowa-Whitman National Forest, along the Lostine River corridor. Compl. ¶¶ 3-10; Decision Memo, at 1.[1] The Project "involve[s] a variety of thinning, mitigation of hazard trees, removal of hazardous fuels, and creations of small openings." *Id.*, at 2. Defendant Stein signed the Decision Memo authorizing the Project on April 5, 2017. *Id.*, at 13. The Project area lies within Wallowa County.[2]

The Healthy Forests Restoration Act ("HFRA"), 16 U.S.C. § 6501 *et seq.*, authorizes counties, in collaboration with federal and state governments, to create Community Wildfire Protection Plans ("CWPPs") for protection of at-risk communities within the wildland-urban interface. 16 U.S.C. § 6512. In 2006, the County created the Wallowa County CWPP to reduce

_____

[1] "Lostine Public Safety Project Decision Memo" ("Decision Memo"), U.S. Forest Service, Eagle Cap Ranger District, Wallowa-Whitman National Forest (Apr. 5, 2017), http://a123.g.akamai.net/7/123/11558/abc123/forestservic.download.akamai.com/11558/www/nepa/103397_FSPLT3_3986348.pdf.

[2] "Lostine Corridor Public Safety Project," U.S. Department of Agriculture, U.S. Forest Service, Forest Service NEPA Projects, http://data.ecosystem-management.org/nepaweb/nepa_project_exp.php?project=48592&exp=location.

wildfire impact on wildland-urban interface areas within the County, and listed the Lostine River corridor as a high-priority area.  Wallowa County CWPP, at 1-2.[3]

Under HFRA § 602, 16 U.S.C. § 6591a, governors can request that the Secretary of Agriculture designate landscape areas for priority hazardous wildfire fuel reduction.  Compl. ¶ 44.  HFRA § 603, 16 U.S.C. § 6591b, allows Collaborative Restoration Projects in those designated areas to be exempted, by Categorical Exclusion, from review under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*  Former Governor John Kitzhaber requested § 602 designation for the Lostine Project in 2014, and the designation issued that year.  Compl. ¶ 47.[4]  The Lostine Project is thus exempt from NEPA review.

In this action, plaintiffs challenge the Decision Memo under NEPA, HFRA, and the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 *et seq.*  The County seeks to intervene to protect the asserted property, commercial, recreational, and other interests of the County and its resident landowners in and around the Project area.  County Mot. Intervene, at 1-2 (Docket No. 9).  According to the County's Local Rule 7-1(a) certification, defendants take no position on intervention, and plaintiffs "do not oppose [intervention] provided that Wallowa County agrees to the schedule adopted by the parties and approved by the Court and avoids duplicating federal defendants' arguments."  *Id.*, at 1.

## LEGAL STANDARD

Fed. R. Civ. P. 24(a)(2) allows intervention of right by "anyone" who, "[o]n timely motion," "claims an interest relating to the property or transaction that is the subject of the

---

[3] "Wallowa County Community Wildfire Protection Plan" ("Wallowa County CWPP"), Wallowa County (Mar. 24, 2006), http://www.oregon.gov/ODF/Documents/Fire/CWPP/WallowaCounty.pdf.
[4] Letter from Thomas L. Tidwell, Chief, U.S. Forest Service, to Gov. John A. Kitzhaber (May 20, 2014), https://www.fs.fed.us/farmbill/documents/DesignationLetters/Oregon.pdf.

action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  This creates a four-part test for intervention of right: (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the subject property or transaction; (3) the applicant's ability to protect that interest would, absent intervention, be impaired by disposition of the matter; and (4) the applicant's interest is not adequately represented by the existing parties.  *County of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

As to factor one, timeliness, "three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."  *Id.*

As to factor two, an interest in the property or transaction, this "is a practical, threshold inquiry."  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).  "No specific legal or equitable interest need be established.  It is generally enough that the interest asserted is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue."  *Id.* (alteration, quotation, and citations omitted).  "An applicant demonstrates a 'significantly protectable interest' when the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests."  *Id.* (quotation omitted).

As to factor three, impairment of interest, "if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."  *Id.* at 822 (alteration omitted) (quoting Fed. R. Civ. P. 24 Advisory Comm. Notes).

As to factor four, no adequate representation of interest, the "applicant-intervenor's burden . . . is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995) (emphasis in original), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

> A non-party is adequately represented by existing parties if: (1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect.

*Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998).

## ANALYSIS

The County has made a sufficient showing as to each element of Fed. R. Civ. P. 24(a)(2)'s test for intervention of right:

1. Timeliness: The County's Motion is timely. This action was commenced May 31, 2017, and the County moved to intervene two months later, on July 27, 2017, before defendants had answered. The matter is at a very early stage. No prejudice from intervention has been shown. There has been no apparent delay in the County's application. The County has established the first element of the four-part test.

2. Interest: The County has established that it has numerous interests relating to the Lostine Project, both the property (the Project area) and the transaction (the Decision Memo). The Lostine Project area is within the County. County residents have private inholdings in the WWNF adjacent to the Lostine River corridor. *See* County Mot. Intervene, at 1 (Docket No. 9); Nash Decl. ¶ 6 (Docket No. 10). The County and its residents have an interest in fire reduction near their land. *See id.* ¶¶ 3-6, 8-9. The County has commercial interests in the forest land. *See*

*id.* ¶¶ 10-12. These interests, especially the property interests, are legally protected, and an injunction against the Lostine Project would immediately impact them. *See Forest Conservation Council*, 66 F.3d at 1497 (recognizing as sufficient to justify intervention of right "non-economic interests, such as the environmental health of, and wildfire threats to, state lands adjacent to national forests, which [state and county] appellants have a legal duty to maintain"). The County has established element two of the test.

3. Impairment of Interest: Determination of this matter could substantially impact the County. If plaintiffs prevail in challenging the Lostine Project, the delay or termination of the forest management plan could cause increased fire risk and decreased forest health, *see* Nash Decl. ¶¶ 10-12 (Docket No. 10), substantially impacting the property, safety, commercial, residential, and recreational interests listed above, *see Forest Conservation Council*, 66 F.3d at 1498 (holding that intervenors' ability to protect their interests would be impaired because, if they were "not made a party to th[e] action, they [would] have no legal means to challenge" the requested injunction). The County has established element three of the test.

4. No Adequate Representation: The existing parties may not adequately represent the County's interests. "The Forest Service is required to represent a broader view than the more narrow, parochial interests of" a state or county. *Forest Conservation Council*, 66 F.3d at 1499. For example, the County has economic and tourism interests in the Lostine Project, and interests in the economic stability of the region and the forest products industry. *See* County's Mot. Intervene, at 10 (Docket No. 9); Nash Decl. ¶ 10 (Docket No. 10). The Forest Service may not represent these interests. *See id.* ¶ 13. Because of these distinct interests, it has not been shown that the existing parties will *undoubtedly* make all of the County's arguments; it is not clear that the existing parties are capable of and willing to make those arguments; and the existing parties

might neglect to address the County's interests.  The County has established the final element of the test.

*     *     *

The County has satisfied each of Fed. R. Civ. P. 24(a)(2)'s requirements.  The County has established its entitlement to intervene of right.[5]

## CONCLUSION

For these reasons, the Court GRANTS the County's Motion to Intervene.  (Docket No. 9).  Per the County's Local Rule 7-1(a) certification, the County shall abide by the schedule adopted by the parties and the Court, and shall avoid duplicating defendants' arguments.

IT IS SO ORDERED.

DATED this 24th day of August, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge

---

[5] The County also moves for permissive intervention under Fed. R. Civ. P. 24(b).  Because the Court grants the County's Motion as to intervention of right under Fed. R. Civ. P. 25(a)(2), the Court does not reach the question of permissive intervention.