IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| GREATER HELLS CANYON COUNCIL, an Oregon nonprofit corporation, and OREGON WILD, an Oregon nonprofit corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>DISTRICT RANGER KRIS STEIN, in her official capacity as District Ranger of the Eagle Cap Ranger District, Wallowa-Whitman National Forest, and UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>        Defendants,<br><br>   and<br><br>WALLOWA COUNTY, a political subdivision of the State of Oregon, | Case No. 2:17-cv-00843-SU<br><br>**OPINION AND ORDER** |

Page 1 – OPINION AND ORDER

Defendant-Intervenor.

SULLIVAN, United States Magistrate Judge:

Plaintiffs Greater Hells Canyon Council[1] and Oregon Wild bring this action to challenge the approval of the Lostine Public Safety Project (the "Lostine Project") by defendants U.S. Forest Service and District Ranger Kris Stein (the "federal defendants"). Compl. (Docket No. 1). Wallowa County (the "County") filed a Motion to Intervene, which the Court granted. (Docket Nos. 9, 12). The American Forest Resource Council ("AFRC") moves to appear as amicus curiae. (Docket No. 40). Plaintiffs oppose. (Docket No. 41). The federal defendants take no position on AFRC's Motion, and the County does not oppose. Amicus Mot., at 1 (Docket No. 40). For the following reasons, the Court GRANTS AFRC's Motion to Appear as Amicus.

## LEGAL STANDARD

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, (1995). The "classic role of amicus curiae" is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). "[T]here is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986).

## ANALYSIS

AFRC is a regional trade associate representing forest product businesses and forest landowners, which advocates for sustained yield timber harvests of public lands, and advocates on federal and state law, regulation, and policy. Joseph Decl. ¶ 3 (Docket No. 40-2). An AFRC

---

[1] Formerly known as Hells Canyon Preservation Council. (Docket No. 13).

member participated in the Forest Service's formulation and approval of the Project. *Id.* ¶ 7. AFRC's proposed brief addresses three issues: (1) whether the Project was developed under the type of collaborative process that the 2014 Farm Bill amendments to the Healthy Forest Restoration Act (the "Farm Bill"), 16 U.S.C. § 6591a *et seq.*, require; (2) whether the Farm Bill requires defendants to assess whether "extraordinary circumstances" exist in order to apply a categorical exemption from review under the National Environmental Policy Act; and (3) whether defendants reasonably interpreted the Lostine River Wilderness and Scenic River Management Plan (the "River Plan") in authorizing the forestry techniques allowed under the Project. (Docket No. 40-1).

Plaintiffs argue that AFRC's proposed arguments as amicus are inappropriate because AFRC is an interested party, because it does not offer novel factual or legal analysis not already adequately represented by the parties, because factual issues as well as legal issues predominate, and because its brief unfairly burdens plaintiffs with additional arguments to respond to in the same amount of briefing. (Docket No. 41).

Having reviewed AFRC's proposed briefing, the Court finds that it is partially, though not entirely, duplicative of the federal defendant's and County's arguments, and does provide useful additional analysis of the process leading to approval of the Lostine Project, of the proper interpretation of the Farm Bill, and of the River Plan and the forestry techniques at issue. AFRC is a proper entity to appear as amicus, and its arguments largely are properly raised by amicus briefing.

The Court is mindful of plaintiffs' concerns and of the additional demand that further argument adds to this matter's already considerable briefing. Accordingly, AFRC's participation as amicus will be limited to its already-filed proposed briefing (Docket No. 40-1), and shall not

include response or reply briefing. AFRC shall not present oral argument on the parties' Motions for Summary Judgment. *See, e.g.*, Fed. R. App. P. 29(a)(8) ("An amicus curiae may participate in oral argument only with the court's permission."); 9th Circuit Rule 29-1 ("No reply brief of an amicus curiae will be permitted."). AFRC assents to these limitations. *See* Amicus Reply, at 1 (Docket No. 44).

## CONCLUSION

For these reasons, the Court GRANTS the American Forest Resource Council's Motion for Leave to File Amicus Curiae Brief (Docket No. 40), subject to the limitations contained in this Opinion and Order.

IT IS SO ORDERED.

DATED this 16th day of January, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge