Jennifer R. Schemm, OSB #970086
Attorney at Law
602 O Avenue
La Grande, OR 97850
Tel: 541-910-4833
Fax: 541-962-7831
Email: jschemm@eoni.com

Jennifer R. Schwartz, OSB #072978
Law Office of Jennifer R. Schwartz
2521 SW Hamilton Court
Portland, Oregon 97239
Tel: 503-780-8281
Email: jenniferroseschwartz@gmail.com

   Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL**, an Oregon nonprofit corporation, and **OREGON WILD**, an Oregon nonprofit corporation,<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**KRIS STEIN,** District Ranger, Eagle Cap Ranger District, Wallowa-Whitman National Forest, in her official capacity; and **UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture,<br><br>　　　　　Defendants,<br><br>　　　and<br><br>**WALLOWA COUNTY**, a political subdivision of the State of Oregon,<br><br>　　　　　Defendant-Intervenor. | Case Number: 2:17-cv-00843-SU<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

*Native Ecosystem Council ("NEC") v. Marten,* No. 17-cv-153-M-DWM (D. Mont. Nov. 19, 2018), to which defendants cite in their Notice of Supplemental Authority (ECF No. 96), simply adopted the reasoning Magistrate Sullivan provided in her Findings & Recommendations ("F&R"). 2018 WL 6046472 at *5. Consequently, like here, the court in *NEC v. Marten* erroneously equated Congress' creation of a "categorical exclusion" in § 603 of HFRA (the 2014 Farm Bill CE) with an exemption from NEPA. As plaintiffs have explained, *this* Court has expressly recognized "categorical exclusion" as a legal "term of art" unique to NEPA. *Hells Canyon Preservation Council v. Connaughton*, 2013 WL 665134, at *6-7 (D. Or. Feb. 22, 2013). When Congress deliberately chose to establish a "categorical exclusion" rather than create a statutory *exemption* from NEPA, *as it has done before*, it demonstrates congressional intent to adopt the "cluster of ideas" attached to this borrowed term. *See Plaintiffs' Memo in Support of Mtn. for Inj. Pending Appeal* (ECF No. 75) at 15-17. That cluster of ideas precludes projects from being categorically excluded from further environmental review when the agency's preliminary analysis – the "scoping" process – reveals that there is uncertainty over potentially significant environmental effects (i.e. "extraordinary circumstances" exist). *Id.*

Moreover, because the court in *NEC v. Marten* just adopted Magistrate Judge Sullivan's findings, it too failed to address Congress' intent when it expressly included a "scoping" requirement for projects proposed under § 603. By mandating that the Forest Service conduct "public notice *and* scoping" for all such projects, Congress clearly recognized "scoping" as a process that entails more than simply notifying the public as to the agency's proposal. 16 U.S.C. § 6591b(f). By invoking yet another NEPA based term of art, Congress is presumed to know what "scoping" means in the context of "the body of learning from which it was taken" – that is, to review proposed actions early in the development stage to determine whether there is any

possibility for potentially significant effects that would necessitate preparing an Environmental Assessment ("EA"). *See Plfs. Br.* at 16-17 (ECF No. 75); *Plfs. Reply* at 11-12 (ECF No. 94). While Magistrate Sullivan and the court in *NEC v. Marten* acknowledge that scoping is required, neither offers any explanation as to what "scoping" means other than what NEPA's pre-existing framework provides.

*NEC v. Marten*, like here, also fails to address the fact that defendants' litigating position directly contradicts the Forest Service's own interpretation of the 2014 Farm Bill CE authority, as publicly expressed through multiple national and regional policy pronouncements. *Plfs. Br.* at 17 (ECF No. 75); *Plfs. Reply* at 10-14 (ECF No. 94). Those pronouncements plainly provide that the 2014 Farm Bill created a "categorical exclusion," *not* a statutory exemption from NEPA, and as such, each proposed action that meets the criteria set forth in § 603(b)-(e) must nevertheless still be assessed for potential "extraordinary circumstances." *Id.*

Last, plaintiffs did not misrepresent the holding in *NEC v. Erickson*, which *did* apply NEPA's pre-existing regulatory framework to a Farm Bill CE project. 2018 WL 3649611, at *1-4, 7, 9-10, 15-16 (D. Mont. Aug. 1, 2018) (ultimately concluding the record evidence did not show a likelihood of potentially significant effects that warranted preparation of an EA). Neither *NEC v. Erickson* nor *Ctr. for Biological Diversity v. Ilano,* 261 F.Supp.3d 1063 (E.D. Cal. 2017) held that projects proposed under § 603 are wholly exempt from NEPA. *Only* this Court's holding, which *NEC v. Marten* adopted, stands for this proposition. It is this Court's holding that exempts the Forest Service from engaging in any deliberative process meant to determine whether a proposed "insect and disease" treatment project might generate potentially significant environmental effects that would warrant further environmental review under NEPA. As such, a very "serious legal question" for this Court's reconsideration or appellate review has been raised.

DATED this 23rd day of November 2018.	Respectfully submitted,

*s/ Jennifer R. Schwartz*
Jennifer Schwartz (OSB # 072978)
Tel: (503) 780-8281
Email: jenniferroseschwartz@gmail.com

*s/ Jennifer R. Schemm*
Jennifer Schemm (OSB # 970086)
Tel: (541) 910-4833
Email: jschemm@eoni.com

*Attorneys for Plaintiffs*